De Santo v. Burkle.

---

MICHAEL DE SANTO vs. EDWARD J. BURKLE.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The plaintiff sued to recover the value of labor and materials furnished by him in the construction of sidewalks and other concrete work under a written contract with the defendant. The defendant claimed that the work was performed under an oral contract which included not only the items referred to in the complaint, but also the laying of a cellar floor, which was done so defectively that he was entitled to damages by way of counterclaim. *Held:*

1. That the action of the trial court in excluding, upon cross-examination of the plaintiff, questions relating to the cellar floor, and later admitting them as part of the defendant's case on his counterclaim, could not, upon the facts appearing of record, be said to have confused the jury.

2. That the trial court correctly ruled that the construction of the

De Santo *v.* Burkle.

written agreement was for the court and not the jury, since, upon its face, it appeared to be a complete contract, contained no reference to, or any indication of. dependence upon, any other contract or undertaking, and its terms were so clear and explicit that its meaning could unquestionably be understood without resort to extrinsic evidence.

3. That the existence of a complete written contract as to the sidewalks did not preclude independent proof of that portion of the agreement, relating. to the cellar floor, which rested in parol.

4. That the trial court's charge that, "upon the evidence in this case, it appears that the local custom is for the owner to provide heat" in his own building during the construction of a cellar floor, was not erroneous, since the plaintiff's evidence concerning the existence of such a custom was not disputed by the defendant.

Argued June 9th—decided October 3d, 1927.

ACTION upon four promissory notes made by the defendant to the order of the plaintiff, and to recover the reasonable value of labor and materials alleged to have been furnished by the plaintiff to the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Baldwin, J.;* verdict and judgment for the plaintiff for $1,326, and appeal by the defendant. *No error.*

*George E. Beers* and *Harry Bernblum,* for the appellant (defendant).

*George W. Crawford,* for the appellee (plaintiff).

BANKS, J. The complaint in this case is in two counts: The first is for labor and materials furnished in the construction of certain sidewalks and other concrete work in connection with the erection by the defendant of an apartment house in New Haven, of the reasonable value of $1,200, under a written contract in evidence as plaintiff's Exhibit A. The second count is upon four notes of the defendant of $300 each, given

in payment for the work done under this contract. The defendant, after a general denial, set up that the work in question was performed under an oral contract which included those sidewalks and other concrete work and also. certain work in the construction of a cellar floor and that by the terms of the contract the work was to be done in a workmanlike manner and the materials were to be of the best quality; that upon completion of the work to the satisfaction of the defendant, the latter was to pay the plaintiff $2,400, and that the defendant had paid on account $1,200. The defendant alleged that the work had not been completed satisfactorily, that it was not performed in a workmanlike manner, that the materials were not of the best; and in a counterclaim sought to recover damages for the failure of the plaintiff to perform the work according to the contract. It appears from the finding that upon the trial the defendant did not deny that the work called for by Exhibit A had been done to the satisfaction of the defendant and that the notes given by him in payment therefor were owned by the plaintiff and were due and unpaid. This left as the real controversy the issue raised by the defendant's affirmative answer and counterclaim, and the court correctly charged the jury that the burden of proof upon this issue rested on the defendant.

It was defendant's claim that the cellar floor was defective and that, although that work was completed and paid for before the execution of the sidewalk contract, Exhibit A, he was entitled to set off against the notes given under that contract the damages he claimed to have suffered by reason of the defective work in the cellar. Upon cross-examination the plaintiff was inquired of with regard to the work in the cellar, objection was made, and the inquiries were excluded. These rulings are assigned as error. Later,

as a part of the defendant's case on his counterclaim, the plaintiff was fully examined upon the subject of the work in the cellar. The defendant's present contention is that the jury must have been confused by the action of the trial court in reversing its rulings. There is nothing in the record to indicate that the rulings of the court would tend to produce or actually did produce such a result.

The assignments chiefly stressed in defendant's brief and argument are those claiming error in the charge as to the nature and legal effect of the written contract, Exhibit A. The court told the jury that Exhibit A, upon which the action was brought, was a complete contract, describing the work to be done by the contractor and the compensation to be paid therefor; that it did not relate to the construction work in the cellar; that the defendant did not controvert the claim of the plaintiff that Exhibit A had been entered into or that the work called for under it had been performed; that the jury would probably have no difficulty in disposing of the question whether the plaintiff had done the work, or that the plaintiff was the owner of the notes, and that they had not been paid, and that no evidence had been offered to controvert these claims; and, further, that the defendant's claim was that certain work which the plaintiff had done "on another and on a prior occasion" had damaged the defendant and that "it was not in accordance with the contract which provided for that work." Referring to the work on the cellar, the court said: "Thereafter, the other contract—the written contract— was entered into." It being conceded that the cellar work was done and the plaintiff's connection with it ended before the sidewalk work was begun, the court was justified in so stating to the jury. The court held the construction of this writing to be for the court,

while the defendant claimed it was for the jury. The writing appears upon its face to be a complete contract; it refers to no other contract or undertaking, and there is nothing in it to indicate that it depended upon or was collateral to any other contract or undertaking; its terms are clear and explicit in all respects, including the work to be done and the compensation to be paid; it exhibits no uncertainty as to its purpose or extent; its meaning can unquestionably be clearly understood and easily ascertained from the writing itself without the production of any extrinsic evidence. Under these circumstances, it was the duty of the court to construe it, and the construction placed upon it was correct. Assuming, as claimed by the defendant, that the original oral contract covered the entire work, both the sidewalk and the cellar, we have here a situation where a part of an oral contract was reduced to writing. The written portion of the contract embodied the entire agreement of the parties as to the subject-matter covered by it, to wit, the sidewalks, and its construction was for the court. This did not prevent independent proof of that portion of the contract which rested in parol. *Brosty* v. *Thompson,* 79 Conn. 133, 64 Atl. 1; *Asbestos Products Corporation* v. *Matson,* 97 Conn. 381, 116 Atl. 680; *Reader* v. *Grossman,* 98 Conn. 283, 119 Atl. 52. Such proof was offered and received. In the charge also the defendant was given the full benefit of his claim that the plaintiff had breached the portion of the contract which covered the laying of the cellar floor. The court charged the jury that if the plaintiff, through faulty work or faulty materials, failed to keep his part of the contract for the work on the cellar floor, the defendant was entitled to recover under his counterclaim. The defendant was not therefore deprived of the right to recover damages for the claimed breach of the cellar floor contract, whether

considered as a separate contract or, as he claimed, a part of a contract including the work on the sidewalks.

The defendant also claims error in the charge upon the question of a custom which the plaintiff claimed to exist in New Haven, that the owner of a building should provide heat when necessary to insure a proper temperature for the laying of the concrete floor in the cellar. Upon the trial it was conceded by the plaintiff that the cellar floor was defective, but he disclaimed responsibility for its condition on three grounds: (a) that the defendant had limited the cost with the distinct knowledge imparted to him by the plaintiff beforehand that a first-class floor could not be procured for that amount of money; (b) that the defendant and his servants had injured the floor by moving lumber upon it and otherwise using it improperly, and (c) that it was an established custom in New Haven for the owner to furnish heat and that the defendant had not done so, and the cement did not properly set for that reason. With regard to this last claim the court charged the jury as follows: "I charge you that, upon the evidence in this case, it appears that the local custom is for the owner to provide heat when weather conditions are such as to require heat for the proper construction of work of this character, and if you find that the temperature conditions were such at the time this work was done that heat was required, and that it was not provided, and that as a result thereof the defective conditions in this floor were caused, then the cause of those defects does not rest upon the plaintiff." The court thus told the jury, in effect, that the evidence upon this point was all one way and therefore "upon the evidence" it appeared that the custom claimed by the plaintiff did exist. This statement as to the state of the evidence is supported by the finding, from which it appears that the

plaintiff offered evidence of the existence of such custom, but which does not state that any evidence upon this point was offered by the defendant. It is apparent from the record that this was not a disputed fact and the judge was warranted in so treating it in his charge. The real claim of the defendant upon this question of heat, as appears from other portions of the charge, was that there was a heating plant in the house and that he actually did furnish the heat as required by the custom proved by the plaintiff. The jury may have found that the defective condition of the cellar floor was caused either by the failure to furnish heat, or by the damage done by the moving of lumber upon it by defendant's servants, or by the fact that the limited cost precluded the doing of a first-class job. The finding states that it was not conceded that the custom relating to heat existed in New Haven. It by no means follows that the existence of such a custom may not have been a fact which was not actually in dispute upon the trial. We find no error in the rulings on evidence.

There is no error.

In this opinion the other judges concurred.