ANTHONY GRASSO, ADMINISTRATOR, (ESTATE OF BAR-
THOLOMEO CASALE) *vs.* SAM FRATTOLILLO.

First Judicial District, Hartford, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 9th—decided March 31st, 1930.

210

*Louis M. Schatz,* with whom, on the brief, was *Nathan A. Schatz,* for the appellant (plaintiff).

*Ralph O. Wells,* with whom, on the brief, was *William S. Locke,* for the appellee (defendant).

BANKS, J. The jury could reasonably have found the following facts: The plaintiff's intestate was a guest in a car owned and operated by the defendant. They were proceeding behind two or three other cars which were being operated at a speed of between twenty and twenty-five miles an hour, down a grade upon a highway which was eighteen feet wide, paved with asphalt, with three foot shoulders on either side, and the edges of the paved road being somewhat rough and irregular. The defendant had a clear vision ahead for about half a mile, there were no cars approaching from the opposite direction, and he increased his speed and pulled over to the left with the purpose of passing the cars which preceded him. As he reached the first car its driver also pulled to the left in an apparent endeavor to pass the car in front of him. The defendant pulled to the extreme left side of the road and proceeded with his left wheels on the shoulder of the road. As he was about to pass the third car in line, the left rear wheel of his car caught on the edge of the paved road, causing his car to skid. The defendant lost control of his car, which ran across the road, colliding with the car which he was attempting to pass and overturned, the plaintiff's intestate receiving the injuries which caused his death.

The court correctly charged the jury that under our so-called "guest statute" (Public Acts of 1927, Chap. 308) the plaintiff in this action could only recover upon proof that the accident was caused by the defendant's heedless and reckless disregard of the rights

of others.  Upon the foregoing facts we cannot say that the jury could not reasonably have reached the conclusion that the conduct of the defendant was not such as to indicate a reckless disregard of the rights of others.  The court did not therefore err in denying the plaintiff's motion to set aside the verdict.

Upon the trial the plaintiff offered in evidence a certified copy of a record in the Town Court of Windsor from which it appeared that the defendant pleaded guilty in that court to an information which charged that he did, at the time and place in question, "operate a motor vehicle upon the public highway recklessly or at a rate of speed greater than reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger the property or life or limb of a person."  The court admitted this record as evidence of an admission on the part of the defendant as to the character of his operation of his car on the date in question.  In commenting upon this record in its charge the court called attention to the fact that, while the document upon its back contained a notation that it was a complaint for reckless driving upon which a plea of guilty and a finding of guilty was endorsed, the complaint itself charged the defendant in the alternative with reckless driving or at an improper rate of speed or in a manner such as to endanger the life or property of another, and added: "Under these circumstances you ought not to unhesitatingly conclude therefrom that the defendant by his plea thereto admitted his conduct to have been reckless, for such may not have been the fact.  However, the exhibit is before you and you will give to it, as to all the rest of the evidence, such weight as you deem it to be entitled."  The plaintiff claims error in this portion of the charge in that the court should have told the jury that the judgment-file in the case

in the Town Court disclosed the fact that the defendant by his plea thereto admitted his conduct to have been reckless driving.

It is true that it was the duty of the court to construe this judgment as it would construe any document or written contract in evidence before it. *Jordan, Marsh & Co.* v. *Patterson,* 67 Conn. 473, 35 Atl. 521; *De Santo* v. *Burkle,* 106 Conn. 677, 138 Atl. 738. But the construction claimed by the plaintiff would have been an incorrect interpretation of the record of the Town Court. The notation upon the back of the record was not a part of the judgment-file. The judgment-file recited the allegations of the complaint, which were in the alternative, as above stated, and that "the said Sam Frattolillo being required to make answer to said complaint said that he is guilty in manner and form as in said complaint alleged." This was an admission of whatever was well pleaded in the information. 2 Bishop's New Criminal Procedure (2d Ed.) § 795. But no offense was well pleaded in the information to which he entered this plea. An information which charges the commission of two or more offenses in the alternative is fatally defective for the reason that it does not definitely apprise the accused of the specific charge against him. Though the statute makes criminal the commission of several acts stated disjunctively, the information must charge in the conjunctive since otherwise it would be uncertain which of two or more accusations was intended. 1 Bishop's New Criminal Procedure (2d Ed.) § 436; 2 Bishop's New Criminal Procedure (2d Ed.) § 586; Clark's Criminal Procedure (2d Ed.) § 71. Such has always been the rule in this jurisdiction. "In an indictment or information, the offense may not be laid in the *alternative.* The accused has a right to know, before trial, the *exact single* offense for which he is to be tried,

He may not be tried for one act, *or* another, *or* another, at the pleasure of the prosecutor, unless there be as many distinct counts in the information." *Smith* v. *State,* 19 Conn. 493, 500. The information must contain a statement of facts essential to constitute the crime with such certainty that the court may see a definite offense on the record to which its judgment may apply and that the conviction or acquittal of the accused may be pleaded in bar to a subsequent prosecution for the same offense. *State* v. *Costello,* 62 Conn. 128, 130, 25 Atl. 477; *State* v. *O'Brien,* 93 Conn. 643, 107 Atl. 520. If the defect in the information is a failure of averment so that the accused is not apprised of the charge against him, the defect is not cured by the verdict. Clark's Criminal Procedure (2d Ed.) § 117; *State* v. *O'Brien, supra.* The record of the Town Court did not establish the fact that the defendant had pleaded guilty to a charge of reckless driving. The plaintiff cannot complain of the failure of the court to construe the judgment of the Town Court, since the correct construction of it would have been less favorable to him than the charge to which he takes exception.

The plaintiff's motion to set aside the verdict of the jury was denied by the court on June 6th, 1929. On September 9th, 1929, the plaintiff filed a motion for permission to reargue the motion to set aside the verdict, in which he alleged that the "guest statute," so-called, was passed by the General Assembly at its 1927 session, which adjourned May 6th, 1927, and was not approved by the Governor until June 8th, 1927, and therefore claimed that the statute was invalid and that he was prejudiced by the charge of the court which based his right of recovery upon the provisions of that statute. The complaint stated the case as one falling within the terms of the statute, and it does

214

not appear that any claim was made upon the trial that the statute was unconstitutional, indeed it appears from the record that such claim was first made in the motion for permission to reargue the motion to set aside the verdict. For the reasons stated in *Rindge* v. *Holbrook*, 111 Conn. 72, 149 Atl. 231, we decline to consider this reason of appeal.

There is no error.

In this opinion the other judges concurred.