After a jury trial the defendant was found guilty of committing larceny in the third degree as a receiver of stolen property in violation of General Statutes 53a-124, a lesser offense included in the charge of larceny in the second degree in violation of General Statutes 53a-123 (a)(2) contained in the second count[1] of the information. In this appeal the defendant claims that the court erred (1) in failing to charge upon larceny in the fourth degree as a lesser included offense, and (2) in refusing to correct the charge upon the elements necessary for conviction of a person as a receiver of stolen property.
There was evidence to support a finding by the jury that on April 2, 1976, a 1974 Oldsmobile Cutlass automobile was stolen from an automobile dealer. The front and rear sections of the stolen automobile were delivered to an auto body shop in North *Page 605 
Haven, and the transmission and engine were delivered to the defendant, who was engaged in the business of selling used auto parts.
On June 7, 1976, the defendant was questioned by police at his place of business in Wallingford. The defendant admitted that he had received an order from the North Haven body shop for front and rear sections of a 1974 Oldsmobile Cutlass and that for the purpose of supplying the parts requested he had contacted two persons who he knew were engaged in stealing and dismantling cars. The defendant learned from one of the thieves that they had obtained the car desired. He told the police that he had instructed the thieves to deliver the front and rear sections of the car to the auto body shop, which paid the defendant for them.
The defendant helped the officers to find the transmission, which was lying in the front part of his yard near his office. He told the officers that he had given the engine to an employee who was paying for it by working on a part-time basis.
With respect to value, the defendant testified that he would have sold the engine for about three hundred dollars and the transmission for one hundred dollars. One of his employees testified that the engine had a value of between one hundred and one hundred fifty dollars. In the brief of the defendant, no reference is made to any evidence[2] that the items had any lesser values. See Practice Book, 1978, 3060F(b). *Page 606 
 I
"A defendant is entitled to an instruction on a lesser offense if, and only if, the following conditions are met: (1) an appropriate instruction is requested either by the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser." State v. Whistnant, 179 Conn. 576, 606,427 A.2d 414 (1980). Although no written request to charge upon the subject was filed, as would have been preferable, the defendant did except to the failure of the court to charge upon larceny in the fourth degree as a lesser included offense. It is also clear that larceny in the fourth degree, which differs from larceny in the second degree as charged in the information only with respect to the value of the property involved, must be committed in the course of accomplishing the *Page 607 
greater crime as charged in the information. The state maintains, however, that the third and fourth prerequisites for a lesser offense charge as established in State v. Whistnant, supra, were not fulfilled by the evidence presented at the trial.
We agree with the defendant that the third condition, that there be some evidence which "justifies" a conviction of the lesser offense, was met in the sense that the testimony that the value of each of the items involved, the engine and the transmission, exceeded fifty dollars would support a conviction of larceny in the fourth degree, which applies where the value of the stolen property is fifty dollars or less. General Statutes 53a-125. Even before the Whistnant articulation of the conditions necessary for a lesser offense charge, it had been observed that there had to be "a rational basis for an acquittal on the offense charged and a conviction on the included offense." State v. Brown, 163 Conn. 52,61 n. 2, 301 A.2d 547 (1972). See also State v. Pallanck, 146 Conn. 527, 529-30, 152 A.2d 633
(1959). In any event, the fourth condition laid down by Whistnant makes it clear that the proof on the element or elements differentiating the lesser from the greater offense must be sufficiently in dispute to warrant finding a defendant innocent of the greater but guilty of the lesser offense. Since there was no evidence[3] to suggest that the motor and transmission had a value of fifty dollars or less or to contradict the testimony of the defendant and his employee, which indicated that each of the items had a greater value, the trial court properly refused the request of the defendant to instruct the jury upon larceny in the fourth degree as an included offense. *Page 608 
 II
The remaining claim of error in the charge is based upon the refusal of the court to instruct the jury that, unless they found that the defendant had received, retained and disposed of the property with the requisite knowledge of its stolen character, the defendant should be acquitted. The court originally had charged that it would be sufficient for a conviction to prove that the defendant received, retained or disposed of the property. The defendant excepted to this instruction upon the ground that the information stated conjunctively that the defendant "did receive, retain and dispose of" the stolen property. The court then proceeded to charge the jury that the state was bound by its use of the conjunction "and" rather than the disjunctive "or" in the information and that the previous instruction, that a finding of receipt, retention or disposition in the alternative would suffice for a conviction, should be disregarded. The defendant again took exception for the court's failure to advise the jury that the defendant could not be convicted only for the reason that he may have retained the property after learning that it had been stolen.
The defendant concedes that the statute, General Statutes 53a-119 (8), provides alternatively that a person is guilty of larceny by receiving stolen property who receives or retains or disposes of stolen property with the requisite criminal knowledge. "Though the statute makes criminal the commission of several acts stated disjunctively, the information must charge in the conjunctive since otherwise it would be uncertain which of two or more accusations was intended." Grasso v. Frattolillo, 111 Conn. 209, 212, 149 A. 838 (1930); Smith v. State, 19 Conn. 493, 499 (1849). Where the information alleges a crime to have been committed in more than one way, as here, the state's burden is *Page 609 
satisfied if the evidence would support a conviction based upon any one of the statutory alternatives. State v. Cofone, 164 Conn. 162, 168,319 A.2d 381 (1972). "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." Turner v. United States,396 U.S. 398, 420, 90 S.Ct. 642, 24 L.Ed.2d 610
(1970). The original instruction given by the trial court to consider receipt, retention and disposition of the stolen property as alternative grounds for a conviction was in accordance with these principles. The additional instruction that the grounds should be treated conjunctively, as claimed by the defendant in his exception, was erroneous. It was not prejudicial to the defendant, however, but was more favorable to him than it should have been.
 There is no error.
In this opinion ARMENTANO and BIELUCH, Js., concurred.