STATE OF CONNECTICUT *v.* DONALD D. WEST
(2700)

BORDEN, SPALLONE and DALY, Js.

Argued February 7—decision released April 30, 1985

*Michael R. Sheldon* and *Stephen R. Sarnoski,* certified legal intern, for the appellant (defendant).

*William Domnarski,* deputy assistant state's attorney, with whom were *Richard Schatz* and, on the brief, *Carl Schuman,* assistant state's attorneys, for the appellee (state).

DALY, J. The plaintiff has appealed[1] from his conviction of sexual assault in the first degree,[2] challenging the second substitute information and the instructions to the jury.

The jury could readily have found the following facts: About 7:50 a.m. on November 20, 1979, while awaiting a bus at the corner of Blue Hills Avenue and Plainfield Street in Hartford, the complainant was forced into the defendant's car and driven to a remote section of Keney Park where she was sexually assaulted, struck in the face with the defendant's fist and robbed. Although the complainant never actually saw a weapon displayed, she believed that her attacker possessed a knife or gun. When the police brought the defendant to Mount Sinai Hospital, where the complainant was being treated, she identified him as her assailant.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

[2] No appeal was taken from the related convictions of robbery in the first degree and kidnapping in the second degree.

The first count of the original, substitute and second substitute informations all contained essentially the same language: "[T]he said [defendant] did compel another person to engage in sexual intercourse by the use of force or the threat of use of force against such other person which reasonably caused such person to fear physical injury to such person . . . . " On May 2, 1980, the defendant objected to the substitute information on the ground that it charged the offense in the alternative, and that he had been assured that the state would make an election before the case started. On May 6, 1980, the state filed a second substitute information which charged in the conjunctive. After the court heard argument from both counsel, the state, in open court, converted the information from the conjunctive to the disjunctive by substituting the word "or" for "and."[3] The defendant promptly objected.

The issues raised by the defendant are (1) whether the trial court erred by permitting the state to accuse the defendant of the crime of sexual assault in the first degree by disjunctively charging alternative theories of liability within a single count of the information, and (2) whether the trial court deprived the defendant of his state and federal constitutional right to a jury trial by failing to instruct the jury concerning the scope of its responsibility to render a unanimous verdict following deliberation upon several alternatively stated elements of an offense within a single count of the information.

---

[3] The second substitute information, in pertinent part, provides: "State's Attorney . . . accuses Donald D. West . . . of SEXUAL ASSAULT IN THE FIRST DEGREE, and charges that . . . the said Donald D. West did compel another person to engage in sexual intercourse by the use of force or the threat of use of force against such other person which reasonably caused such person to fear physical injury to such person, in violation of Section 53a-70 of the General Statutes."

The defendant claims that he was never properly charged with the offense of sexual assault in the first degree because the information, in charging in the alternative, was fatally defective. In support of his claim, the defendant relies on the following principle: "An information which charges the commission of two or more offenses in the alternative is fatally defective for the reason that it does not definitely apprise the accused of the specific charge against him. Though the statute makes criminal the commission of several acts stated disjunctively, the information must charge in the conjunctive since otherwise it would be uncertain which of two or more accusations was intended. . . . Such has always been the rule in this jurisdiction. 'In an indictment or information, the offense may not be laid in the *alternative*. The accused has a right to know, before trial, the *exact single* offense for which he is to be tried. He may not be tried for one act, *or* another, *or* another, at the pleasure of the prosecutor, unless there be as many distinct counts in the information.' *Smith* v. *State,* 19 Conn. 493, 500 [1849]." *Grasso* v. *Frattolillo,* 111 Conn. 209, 212–13, 149 A. 838 (1930); see also *State* v. *Sumner,* 178 Conn. 163, 166, 422 A.2d 299 (1979); *State* v. *Cofone,* 164 Conn. 162, 167, 319 A.2d 381 (1972); *State* v. *Dennis,* 150 Conn. 245, 248, 188 A.2d 65 (1963).

It is important to note that the defendant specifically disclaims any reliance on the argument that the disjunctively phrased information deprived him of his sixth amendment right to practical notice of the charges against him. His sole claim in this regard is that the use of the word "or," rather than "and," rendered the information so fatally defective that it did not charge him with any criminal offense at all. We disagree.

The aforesaid cases stress notification to the defendant. The defendant here is not claiming lack of notice and, additionally, the record reflects that the state's

attorney indicated orally that he was going to proceed in the conjunctive. Moreover, an information which charges the commission of two or more offenses in the alternative, although improperly drafted, may be remedied by a bill of particulars which sets out the charges in the conjunctive. *State* v. *Eason,* 192 Conn. 37, 40, 470 A.2d 688 (1984). Thus, it cannot be viewed as not charging any criminal offense at all; rather, its vice is that it charges too much, depriving the defendant of his right to adequate notice of the charges against him.

The defendant also claims error in the trial court's failure to instruct the jury to require that its verdict be unanimous when considering several alternatively stated elements of an offense within a single count of the information (a conceptual difference between "the use of force or the threat of use of force"). The defendant did not request that the trial court give the instruction he now claims was reversible error not to give. Nor did the defendant enter an objection and exception to the instructions given.

"In the ordinary case we would refuse to review error claimed in jury instructions which, as here, was not brought to the attention of the trial court. Practice Book §§ 315, 3063. We have, however, previously held that because the type of error claimed falls within the 'exceptional circumstances' rule of *State* v. *Evans,* 165 Conn. 61, 69–70, 327 A.2d 576 (1973), we will review it despite the lack of objection and exception below." *State* v. *Johnson,* 185 Conn. 163, 167, 440 A.2d 858 (1981), aff'd, 460 U.S. 73, 103 S. Ct. 969, 74 L. Ed. 2d 823 (1983).

"The defendant's challenge to the disjunctive jury instruction raises state and federal constitutional questions relative to the state's burden of proof beyond a reasonable doubt and the defendant's right to a unanimous verdict. These matters go directly to the integ-

rity of the fact finding process, and the defendant's failure to object at trial should not preclude him from raising them on appeal." *State* v. *Baldwin,* 101 Wis. 2d 441, 446, 304 N.W.2d 742 (1981).

In *State* v. *Jones,* 193 Conn. 70, 75, 475 A.2d 1087 (1984), "[t]he indictment charged, in the language of the felony murder statute, that the defendant *'did commit or attempt to commit a robbery* and in the course of and in furtherance of such crime or flight therefrom he, or another participant, caused the death of a person . . . . ' (Emphasis added.) According to the defendant, this indictment charged two separate predicate felonies —robbery and attempted robbery—in the alternative, and therefore erroneously permitted the jury to convict him in the absence of a unanimous agreement among the jurors that he had committed one or the other of the predicate crimes charged. This possibility, the defendant asserts, deprived him of his right to a unanimous jury verdict."

The defendant in *Jones* relied on *United States* v. *Gipson,* 553 F.2d 453 (5th Cir. 1977), as does the defendant in this case. Our Supreme Court, in *Jones,* disagreed and held that the robbery and attempted robbery charged therein (unlike the two crime groups charged in *Gipson*—receiving, concealing or storing, and bartering, selling or disposing) are not mutually exclusive. In *State* v. *Secore,* 194 Conn. 692, 698, 485 A.2d 1280 (1984), the court found "that the language of § 53a-70 divides the statute, not into two crimes, but into two methods of committing the same crime . . . ." The defendant here, relying on *Gipson,* claims the use of force and threat of force are conceptually distinguishable. We note, however, that "[t]he proper application of the *Gipson* rationale is not dependent upon the conceptual dissimilarity, but rather the conceptual similarity of the conduct." *State* v. *Baldwin,* supra, 450.

"[T]he element of compulsion, the utter subjugation of the victim's free will, is no different in character if it results from the raised fist or the first blow. . . . [W]e are convinced that the phrase 'use or threat of force or violence' is a sound and reasonable attempt to capture the essence of the proscribed conduct [second degree sexual assault], and we conclude that to require jury unanimity on 'use of force' as opposed to 'violence' would be inconsistent with the aim of the legislature in defining the offense and, more important, would reduce the efficacy of the statute itself." Id., 450–52.

We conclude that the present offense does not require jury unanimity upon any of the subcomponents of the phrase "use of force or the threat of use of force."

There is no error.

In this opinion the other judges concurred.