STATE OF CONNECTICUT *v.* LOUIS MARKHAM
(4417)

BORDEN, DALY and BIELUCH, Js.

Argued June 11—decision released September 8, 1987

---

*Eugene J. Riccio,* public defender, for the appellant (defendant).

*Michael E. O'Hare,* assistant state's attorney, with whom, on the brief, was *Andrew Wittstein,* assistant state's attorney, for the appellee (state).

BIELUCH, J. The defendant appeals from his judgment of conviction rendered in accordance with the jury's verdict of guilty on the charges of disorderly conduct, a violation of General Statutes § 53a-182,[1] and reckless driving, a violation of General Statutes § 14-222. On appeal, the defendant challenges only his conviction for disorderly conduct. He claims that he was denied his constitutional right to notice of the specific nature of the factual allegations against him. In support of his claim, he alleges that the state's substitute information and bill of particulars improperly charged that he acted intentionally *or* recklessly in a single count of disorderly conduct. We find no error.

The jury could reasonably have found the following facts. On the night of January 16, 1985, at a late hour, Nancy Presson was driving home from work on Route

---

[1] "[General Statutes ] Sec. 53a-182. DISORDERLY CONDUCT: CLASS C MISDEMEANOR. (a) A person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in fighting or in violent, tumultuous or threatening behavior; or (2) by offensive or disorderly conduct, annoys or interferes with another person; or (3) makes unreasonable noise; or (4) without lawful authority, disturbs any lawful assembly or meeting of persons; or (5) obstructs vehicular or pedestrian traffic; or (6) congregates with other persons in a public place and refuses to comply with a reasonable official request or order to disperse."

7 in North Canaan when she noticed a car following her, at first without its headlights on, and later with flashing high beams. As this car passed her, Presson recognized the defendant, the sole occupant of the car, as a customer earlier that evening in the restaurant where she worked. During this pursuit, the defendant at one point stopped his car in the road ahead of Presson, causing her to do likewise behind him. The defendant approached Presson's car and asked if she wanted to go for a drink. She refused. He then asked her in vulgar terms if she wanted to have sexual intercourse. Again, she refused and said she was going home. She then locked the car doors, after which the defendant reached through the partially closed car window to unlock the door, but he was unsuccessful when she raised the window. He then shook the window and ordered the victim to unlock the door. She then sped away frightened and went home. She reported the incident to the state police the following day.

On February 14, 1985, the defendant was charged with breach of the peace, a violation of General Statutes § 53a-181, and reckless driving, a violation of General Statutes § 14-222. Thereafter, the state filed a substitute information charging the defendant with disorderly conduct, a violation of General Statutes § 53a-182, in addition to reckless driving. Simultaneously, the state filed a bill of particulars alleging in the first count that the defendant '[d]id commit the crime of Disorderly Conduct, in that, with intent to cause inconvenience, annoyance or alarm, *or* recklessly creat[ing] a risk thereof, he did, on the 16th day of January, 1985, on Rt. 7 in the Town of North Canaan, at approximately 11:30 p.m. engage in violent, tumultuous, or threatening behavior, and thereby, did cause inconvenience, annoyance or alarm to one Nancy Presson, all in violation of . . . § 53a-182 of the Connecticut General Statutes." (Emphasis added.)

In response to the state's bill of particulars, the defendant challenged the state's allegations by seeking a supplemental bill of particulars. Since the state alleged intentional *or* reckless conduct in the disjunctive, he requested that the state be forced to elect between them. The court denied the defendant's motion and the state then proceeded with the presentation of its case, which it completed that day.

On the following day the defendant's counsel proceeded with his defense and called the defendant as his only witness. The defendant admitted encountering Presson on the road that evening, but denied the violent actions detailed by the victim's testimony. He testified that he met her on the road, asked her if she wanted to go for a drink, and when she said no, he left without any further incident.

The sole issue presented in this appeal is whether the state's accusatory pleadings, namely, the substitute information together with the bill of particulars, gave the defendant fair notice of the charges against him, as guaranteed by the sixth and fourteenth amendments to the constitution of the United States, and article first, § 8, of the Connecticut constitution. The defendant argues that he properly asserted this claim before the trial court, but in any event that the claim implicates his fundamental constitutional rights, which, if adequately supported by the record, may be reviewed under the doctrine of *State* v. *Evans,* 165 Conn. 61, 69–70, 327 A.2d 576 (1973). See *State* v. *Cates,* 202 Conn. 615, 625–26, 522 A.2d 788 (1987).

Because we find from the record that the defendant raised this claim below, we need not decide whether it warrants an *Evans* review. Pursuant to the defendant's request for articulation, the trial court stated that the "issue was clearly brought to the court's attention, and it is a subject of the current appeal." According

to the trial court's articulation, the state filed its substitute information and bill of particulars charging the defendant with disorderly conduct immediately prior to jury selection. On that same day, the court conducted a hearing to consider the defendant's motion to dismiss and his motion for a supplemental bill of particulars requiring the state to elect between the allegations of intentional and reckless conduct. The court considered both of these motions relevant to the offense of disorderly conduct, and denied them. We find, therefore, that the issue was distinctly raised at trial and warrants our review on appeal.

The defendant claims that the state, by its substitute information and bill of particulars, failed to give him proper notice of the charge of disorderly conduct because the bill of particulars alleged in the disjunctive that the defendant, in the commission of the crime, acted intentionally or recklessly.[2]

"The language of an [accusatory pleading] serves two primary purposes: it informs the accused of the nature of the crime charged and it acts as a bar to future criminal proceedings on the same cause." *State* v. *Cofone,* 164 Conn. 162, 167, 319 A.2d 381 (1972); see *State* v. *Franko,* 199 Conn. 481, 490, 508 A.2d 22 (1986); *State* v. *Sumner,* 178 Conn. 163, 168, 422 A.2d 299 (1979). "An [accusatory pleading] which charges the commission of two or more offenses in the alternative is fatally defective for the reason that it does not definitely apprise the accused of the specific charge against him." *Grasso* v. *Frattolillo,* 111 Conn. 209, 212, 149 A. 838 (1930). The defendant "may not be tried for one act,

---

[2] The defendant does not challenge the state's assertions that had the state pleaded intentional and reckless conduct conjunctively, the defendant's right to fair notice would have been protected. See Practice Book § 618; *State* v. *Eason,* 192 Conn. 37, 40–41, 470 A.2d 688 (1984); *State* v. *West,* 3 Conn. App. 650, 653, 491 A.2d 428, cert. denied, 196 Conn. 810, 494 A.2d 906 (1985).

*or* another, *or* another, at the pleasure of the prosecutor, unless there be as many distinct counts in the information." (Emphasis in original.) *Smith* v. *State,* 19 Conn. 493, 500 (1849). It has been held, therefore, that alternative allegations contained in a single count, which are stated in the disjunctive, serve to deprive the defendant of his constitutional right to fair notice of the specific offense for which he has been charged. See *State* v. *Eason,* 192 Conn. 37, 40, 470 A.2d 688 (1984). This is true even when the allegations are patterned after, and use the words of, the criminal statute. Id. 2 F. Wharton, Criminal Procedure (12th Ed. Torcia) § 291. The defendant's claim is one of duplicity, "the charging of separate offenses in a single count." 2 W. LaFave & J. Israel, Criminal Procedure § 19.2 (e).

Practice Book § 817[3] states that no information shall be dismissed for duplicity, provided that an offense is charged. In a case such as this, where the allegations of a single count are duplicitous, the proper recourse is a motion for a bill of particulars. See, e.g., *State* v. *Cofone,* supra, 168. "No appeal . . . based on any of the defects enumerated in Sec. 817 [which includes duplicity of charges] shall be sustained unless it is affirmatively shown that the defendant was, in fact, prejudiced in his defense upon the merits and that substantial injustice was done to him because of such defect." Practice Book § 818.[4] Because we find that the defendant

---

[3] "[Practice Book] Sec. 817. ——DEFECTS NOT REQUIRING DISMISSAL

"No indictment or information shall be dismissed because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling or improper English, or because of any use of a sign, symbol, figure or abbreviation or, because of any similar defect, imperfection or omission. No indictment or information shall be dismissed merely for misjoinder of parties accused, misjoinder of offenses charged, multiplicity, duplicity or uncertainty, provided an offense is charged."

[4] "[Practice Book] Sec. 818. ——REMEDIES FOR MINOR DEFECTS

"If the judicial authority determines that any of the defects stated in Sec. 817 exists in any indictment or information, he shall order such relief

has not affirmatively shown prejudice to the merits of his defense or substantial injustice to him, we conclude that the court did not err in denying his motion to dismiss, and that any error which the court may have made in denying his motion for a supplemental bill of particulars did not constitute reversible error.

At the outset, we note that the state's information and bill of particulars alleged that the defendant violated General Statutes § 53a-182, disorderly conduct. By so doing, the defendant was given notice of the crime charged and of the elements of that offense, particularly that it expressly proscribed both intentional and reckless conduct. See also *State* v. *Rodriguez,* 180 Conn. 382, 405, 429 A.2d 919 (1980) (where indictment charged specific intent crime, defendant put on notice of lesser included offenses that require a less serious degree of culpable intent). Furthermore, the deficiencies alleged by the defendant do not render the pleadings so indefinite as to preclude them from being pleaded by the defendant as a bar to any further prosecution for the same offense. See *State* v. *Franko,* supra; *State* v. *Sumner,* supra; *State* v. *Cofone,* supra.

Nowhere in the defendant's brief, or reply brief, does he allege that he was, in fact, prejudiced by the state's disjunctive pleading. Our review of the record, furthermore, confirms that any such argument would be unsuccessful.

General Statutes § 53a-182 provides in the disjunctive that both intentional or reckless conduct is punishable as disorderly conduct. The state's bill of particulars alleged intentional or reckless conduct and could have

as is required to remedy such defect, including the severance of such indictment or information into separate counts or the filing of a bill of particulars. No appeal, or motion made after verdict, based on any of the defects enumerated in Sec. 817 shall be sustained unless it is affirmatively shown that the defendant was, in fact, prejudiced in his defense upon the merits and that substantial injustice was done to him because of such defect."

been amended at any time to allege these elements conjunctively or in separate counts. Most important is the fact that the defense offered at trial consisted of a denial that he had engaged in "violent, tumultuous or threatening behavior." He likewise denied that the victim suffered "inconvenience, annoyance or alarm." At no time did the defendant submit to the jury, by either testimony or argument, that he acted with a lesser degree of intent than that prescribed by the statute. From the defendant's testimony, and defense counsel's closing arguments, it is clear that credibility was the disputed issue in this case, not the defendant's intent.

On the basis of the record before us, we cannot find that the defendant was, in fact, prejudiced in his defense on the merits or that he suffered substantial injustice from the disjunctive pleading of the alternate mental states prescribed by General Statutes § 53a-182. See also *State* v. *West,* 3 Conn. App. 650, 653–54, 491 A.2d 428, cert. denied, 196 Conn. 810, 494 A.2d 906 (1985). The appeal, therefore, may not be sustained. See Practice Book § 818.

There is no error.

In this opinion the other judges concurred.