## STATE OF CONNECTICUT *v.* PAUL B. WOHLER
## (14798)

PETERS, C. J., and CALLAHAN, BORDEN, BERDON and KATZ, Js.

Argued September 22—decision released December 6, 1994

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *Mark S. Solak,* state's attorney,

and *Mark Stabile,* supervisory assistant state's attorney, for the appellant (state).

*Arthur P. Meisler,* for the appellee (defendant).

CALLAHAN, J. The defendant, Paul B. Wohler, who was employed as an assistant superintendent of the Willimantic water works by the Windham water department, was convicted after a court trial of one count of larceny in the fifth degree in violation of General Statutes §§ 53a-125a (a)[1] and 53a-119 (7) (F).[2] The defendant's conviction resulted from his use of water department employees and equipment to assist a water department customer, Dominic Shirghio, to replace a water line running from the water department's connection at the curb into Shirghio's residence at 76-82 South Street in Willimantic.[3] The defendant appealed his conviction to the Appellate Court.

The state charged the defendant by means of a short form information. Thereafter, in a statement of essen-

---

[1] General Statutes § 53a-125a (a) provides: "A person is guilty of larceny in the fifth degree when he commits larceny as defined in section 53a-119 and the value of the property or service exceeds two hundred fifty dollars."

[2] General Statutes § 53a-119 provides in relevant part: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. Larceny includes, but is not limited to . . .

"(7) Theft of services. A person is guilty of theft of services when . . . (F) obtaining or having control over labor in the employ of another person, or of business, commercial or industrial equipment or facilities of another person, knowing that he is not entitled to the use thereof, and with intent to derive a commercial or other substantial benefit for himself or a third person, he uses or diverts to the use of himself or a third person such labor, equipment or facilities."

[3] The replacement of the water line from the street to the house was Shirghio's responsibility as the homeowner. Shirghio had contracted with the defendant and a fellow water department employee, Derek Dimmock, to replace the water line from Shirghio's residence to the water department connection at the curb. The defendant and Dimmock worked together on such endeavors after hours, on their own time, to earn extra income.

tial facts; see Practice Book § 625;[4] the state alleged that the defendant had violated the applicable statutes in the following manner. "On or about October 12, 1990, the defendant PAUL B. WOHLER, Assistant Superintendent of the Windham Water Department, while having control over the labor, equipment and facilities of the town of Windham Water Department, knowing that he was not entitled to the use of same, and with the intent to derive a benefit to himself *and* another, did use or divert the use of said labor, equipment and facilities in order to install a water line hookup into 76/82 South Street in Willimantic, Connecticut and received monetary gain for himself *and* another, with the value of said gain between $250 and $500." (Emphasis added.)

The Appellate Court first noted that the state, in its statement of essential facts, had elected to charge the defendant in the conjunctive (alleging a "benefit to himself *and* another"), rather than in the disjunctive wording of § 53a-119 (7) (F) (requiring merely a "benefit for himself *or* a third person"). (Emphasis added.) *State v. Wohler*, 30 Conn. App. 571, 576, 621 A.2d 751 (1993). The court then held that, as a result, the state was required to prove that the defendant had the intent to benefit and had benefited *both* himself *and* another person. The court determined, however, that the record was "abundantly clear" that the defendant had derived no benefit or gain to himself as a result of his activities in assisting Shirghio. Id. It also determined that the evidence was insufficient to have permitted the trial

---

[4] "[Practice Book] Sec. 625. —— ——REQUEST BY DEFENDANT FOR ESSEN-TIAL FACTS

"Whenever the information charges the offense only by referring to the statute which is alleged to have been violated, the prosecuting authority, upon written request of the defendant, shall as of course amend the information by adding or annexing thereto a statement of the essential facts claimed to constitute the offense charged. Such request shall be made within ten days following arraignment."

court reasonably to have inferred from the facts found that the defendant had possessed the requisite intent to benefit himself. Id., 577. The Appellate Court, therefore, reversed the trial court's judgment and remanded the case with instructions to render a judgment of acquittal. Id.

We granted certification limited to the following question: "When a charging document conjunctively alleges a crime to have been committed in more than one way, must the state prove commission of both methods?" *State* v. *Wohler,* 226 Conn. 914, 628 A.2d 986 (1993). We reverse the judgment of the Appellate Court.

The statement of essential facts filed by the state charged the defendant with the single offense of larceny in the fifth degree committed conjunctively in two different ways. See *State* v. *Edwards,* 163 Conn. 527, 532–33, 316 A.2d 387 (1972). Such a method of charging is sanctioned by Practice Book § 618[5] and gives a defendant adequate notice of the offense with which he is charged. *State* v. *Couture,* 194 Conn. 530, 560,

---

[5] "[Practice Book] Sec. 618. ——FORM

"The information shall be a plain, concise and definite written statement of the offense charged. The information need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed the offense by one or more specified means. The information shall state for each count the official or customary citation of the statute, rule, regulation, or other provision of law which the defendant is alleged to have violated. The information shall also contain:

"(1) The name of the court in which it is filed;

"(2) The title of the action;

"(3) The name of the defendant;

"(4) A statement that such crime was committed in a particular judicial district or geographical area, or at a particular place within such judicial district or geographical area; and

"(5) A statement that such crime was committed on, or on or about, a particular date or period of time."

482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985); *State* v. *Edwards,* supra, 534. A charging document may properly allege, conjunctively, in one count, several statutory methods of committing a single offense. Practice Book § 618; *State* v. *Hufford,* 205 Conn. 386, 397, 533 A.2d 866 (1987); *State* v. *Cofone,* 164 Conn. 162, 167, 319 A.2d 381 (1972); *State* v. *Edwards,* supra, 533–34; see J. Bruckman, G. Nash & J. Katz, Connecticut Criminal Case Law Handbook (1989) p. 4. To provide adequate notice to the defendant that the state intends to prove that the offense was committed in one or more alternate ways, a charging document "must charge in the conjunctive, even if a statute is drawn in the disjunctive." *United States* v. *Vickerage,* 921 F.2d 143, 147 (8th Cir. 1990); *State* v. *Chapman,* 229 Conn. 529, 543, 643 A.2d 1213 (1994).

Where a charging document alleges, in the conjunctive, that an offense has been committed in more than one way, a guilty finding may stand if the evidence supports a conviction based upon any one of the statutory alternatives. *State* v. *Eason,* 192 Conn. 37, 42, 470 A.2d 688 (1984). "[W]here the state charges that a defendant has committed a crime in more than one way, and those ways are charged in the conjunctive, as they must be, and the trial court instructs, as it must, that the state need only prove one of its allegations, and not all, the verdict must be upheld so long as there is sufficient evidence under any of the allegations. See, e.g., *Turner* v. *United States,* 396 U.S. 398, 90 S. Ct. 642, 24 L. Ed. 2d 610 (1970); *State* v. *Eason,* [supra, 42]; *State* v. *Torres,* 24 Conn. App. 316, 588 A.2d 232 (1991); *State* v. *Lode,* 36 Conn. Sup. 603, 609, 421 A.2d 880 (1980)." *State* v. *Chapman,* supra, 229 Conn. 543.

Because the state properly charged the defendant in the conjunctive with two ways of committing a single offense, it was entitled to a conviction if it had proved

beyond a reasonable doubt either alleged mode of committing that offense. The Appellate Court therefore was incorrect when it reversed the trial court and ordered a judgment of acquittal because the state had failed to prove that the defendant had intended to benefit and had benefited both himself *and* a third person by diverting the water department's resources.[6]

The issue upon which the Appellate Court decided this case was not raised by the defendant in his appeal to that court. In the Appellate Court the defendant claimed that there had been insufficient evidence for the trial court to have concluded that the defendant had not been entitled to the use of the labor and equipment employed to replace the water service at 76-82 South Street or that he had acted with the intent to benefit Shirghio. Because the Appellate Court did not address those issues, the case must be remanded to that court for their resolution.

The judgment of the Appellate Court is reversed and the case is remanded to that court for disposition of the issues raised by the defendant in his appeal.

In this opinion, PETERS, C. J., and BORDEN and KATZ, Js., concurred.

BERDON, J., concurring. Although I agree with the remainder of the court's analysis, I am troubled that the majority puts its stamp of approval on the sweeping language of *State* v. *Chapman,* 229 Conn. 529, 543,

[6] The Appellate Court relied principally upon *State* v. *Hahn,* 207 Conn. 555, 541 A.2d 499 (1988), for its conclusion that the state was required to prove both ways of committing larceny in the fifth degree alleged in the statement of essential facts. *Hahn,* however, is distinguishable. In *Hahn,* we concluded that the state had simply failed to prove the crime charged in the long form information. Id., 563. In this case, the Appellate Court reversed the trial court because it determined that the state was required to prove both methods of committing a single crime that had been properly charged in the conjunctive.

643 A.2d 1213 (1994)—that is, if the defendant is charged in the conjunctive and the jury is instructed "that the state need only prove one of its allegations, and not all, the verdict must be upheld so long as there is sufficient evidence under any of the allegations." In other words, according to *Chapman,* even if the jury is instructed in the disjunctive, a guilty verdict may stand if any of the allegations are supported by sufficient evidence.

Under these circumstances, we would never know whether the jury predicated its finding of guilty on an alternative for which there was insufficient evidence. Indeed, this is precisely the distinction pointed out in *State* v. *Reid,* 193 Conn. 646, 667 n.22, 480 A.2d 463 (1984). Justice Shea in *Reid* cautioned against allowing the jury to consider an "improper basis for a conviction under circumstances where it is impossible to tell whether the conviction rests upon the impermissible ground." Id.; see also *Yates* v. *United States,* 354 U.S. 298, 312, 77 S. Ct. 1064, 1 L. Ed. 2d 1356 (1957) (verdict must be "set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected").

This concern disappears, however, when, as in the present case, the jury is instructed in the conjunctive—that is, when the jury is told that it must find that the defendant committed *all,* rather than one, of the alternatives charged in order to return a verdict of guilty. Even if the evidence is insufficient for one of the alternatives, or if one of the alternatives is unconstitutional or otherwise legally defective, the guilty verdict may stand. A simple example is a sexual assault case. "[I]f the jury is erroneously instructed in the conjunctive—for example, it is instructed that in order to find the defendant guilty it must find both a threat and the use of force, and the evidence supports a conviction solely on the basis of the use of force—on a verdict the court

can nevertheless be assured that the jury predicated its decision on an alternative for which there was evidence and the alternative for which there is no evidence becomes superfluous." *State* v. *Chapman,* supra, 229 Conn. 551–52 (*Berdon, J.,* dissenting).

Accordingly, I concur in the result.