STATE OF CONNECTICUT *v.* JUAN BENITE
(3555)

HULL, SPALLONE and DALY, Js.

Argued January 16—decision released April 8, 1986

*Joette Katz,* public defender, for the appellant (defendant).

*Guy W. Wolf III,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

HULL, J. The defendant was convicted, after a trial to a jury, of burglary in the first degree in violation of General Statutes § 53a-101 (a).[1] The defendant now appeals from his judgment of conviction claiming that the trial court made two errors in its charge to the jury: (1) in failing to charge the jurors that they all had to agree on what specific type of conduct prohibited by General Statutes § 53a-101 (a) the defendant committed; and (2) in commenting on the sufficiency of the evidence of one of the essential elements the state was required to prove. We find no error in either of the aspects of the trial court's charge challenged by the defendant.

---

[1] General Statutes § 53a-101 (a) provides: "A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and: (1) He is armed with explosives or a deadly weapon or dangerous instrument, or (2) in the course of committing the offense, he intentionally, knowingly or recklessly inflicts or attempts to inflict bodily injury on anyone."

The jury reasonably could have found the following facts.[2] Before going to bed on August 4, 1982, Joseph Crisco, who lived on the second floor of a multi-family house in New Haven, opened his kitchen door to let some air in. He also hooked the kitchen screen door. Several hours later at approximately 3 a.m., Crisco was disturbed by noise his dog was making. In response to that noise and to his wife's scream that someone was at the kitchen door, Crisco went into his kitchen and encountered an intruder. Crisco wrestled with the man and while so doing saw that he held some kind of shiny object in his hand. During the scuffle, the intruder inflicted two minor cuts on Crisco before slipping free and fleeing out the kitchen screen door. Crisco then noticed that the bottom panel of the screen was pushed out, and that the molding had been removed from the exterior of the door and the screen had been cut. The door was still hooked.

When the police arrived, Crisco identified the intruder as one of his neighbors and further described him as a twenty to twenty-five year old latin male with dark complexion and short hair, wearing brown pants and no shirt. Minutes later, a police officer who had received word of the incident found an individual near the Crisco's home who matched this physical description. That individual, the defendant, Juan Benite, was wearing brown pants and no shirt. The officer took the defendant to the home where Crisco positively identified him as the intruder. The defendant was, thereafter, convicted of burglary in the first degree in violation of General Statutes § 53a-101 (a).

The defendant's first claim on appeal concerns the requirement, under the sixth amendment to the United States constitution, applicable to the states through the

---

[2] Because the state did not include a counter statement of facts in its brief, we assume that it agrees with the facts contained in the defendant's brief. Practice Book § 3060G (c).

fourteenth amendment, that the verdicts of six member juries be unanimous. *Burch* v. *Louisiana*, 441 U.S. 130, 99 S. Ct. 1623, 60 L. Ed. 2d 96 (1979). The defendant was charged with burglary in the first degree. To obtain a conviction for burglary in the first degree, the state must prove beyond a reasonable doubt that the individual charged committed burglary,[3] and it must also prove one of two aggravating factors: (1) that the individual committed the burglary "armed with explosives or a deadly weapon or dangerous instrument"; General Statutes § 53a-101 (a) (1); or (2) that he committed burglary and "in the course of committing the offense, he intentionally, knowingly or recklessly inflict[ed] . . . bodily injury on anyone." General Statutes § 53a-101 (a) (2). According to the defendant, the trial court's failure to charge the jurors that they all had to agree on which, if either, of the factors the state had proven, created a reasonable possibility that the jurors were misled to believe that, contrary to the mandates of the sixth amendment, they could return a guilty verdict absent unanimity on the aggravating factor.

The state contends that because the defendant neither submitted a request to charge, nor excepted to the charge as given, this claim should not be reviewed by the court. The defendant argues that review is appropriate under the fundamental right-fair trial rationale of *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973).

Generally, this court will not consider claims of error relating to the trial court's charge to the jury where no request to charge was submitted and no exception was taken to the charge as given. Practice Book §§ 854, 3063. Where, however, the defendant seeks review under *State* v. *Evans,* supra, and "the record ade-

---

[3] As a predicate to proving burglary in the first degree, the state must prove that the defendant entered or remained unlawfully in a building with the intent to commit a crime therein.

quately supports a claim that [he] has clearly been deprived of a fundamental constitutional right and a fair trial"; id., 70; this court will review the charge to the jury. See *State* v. *Alston,* 5 Conn. App. 571, 575–76, 501 A.2d 764 (1985).

The defendant's unanimity claim falls into the category of cases that may be reviewed under the *Evans* bypass rule. The defendant asserts that he was deprived of his right, under the sixth amendment to the United States constitution, to a unanimous verdict of his six member jury. In so doing, he claims deprivation of a fundamental right and implicates the fairness of his trial. This court has previously found that if the record provides adequate support for such a claim, it will be reviewed even if no request to charge was submitted and no exception to the charge was taken. *State* v. *West,* 3 Conn. App. 650, 654, 491 A.2d 428, cert. denied, 196 Conn. 810, 497 A.2d 906 (1985). Here, the record does adequately support the claim. Accordingly, we will conduct a limited review to determine whether the defendant was deprived of a fundamental right and a fair trial, and if so, whether reversal of the resulting judgment is required. *State* v. *Torrence,* 1 Conn. App. 697, 702–705, 476 A.2d 598 (1984), aff'd, 196 Conn. 430, 493 A.2d 865 (1985).

There is no question that the sixth amendment to the United States constitution guarantees a defendant in a criminal case the right to a unanimous verdict if his jury consists of only six members. *Burch* v. *Louisiana,* supra. The defendant in this case claims abridgement of this right. He asserts that because the state presented evidence supporting both of the aggravating factors under General Statutes § 53a-101 (a), and because the trial court did not charge that the jurors had to agree on which of the two factors the state had proven, there is a very real possibility that the jurors did not all agree on the same factor. The defendant further

argues that the factors are conceptually distinct and, therefore, a disagreement by the jurors as to which of the two have been proven, would in essence be a disagreement as to the actus reus element of the crime in violation of the sixth amendment unanimity right. In support of his claim, the defendant relies on *United States* v. *Gipson,* 553 F.2d 453 (5th Cir. 1977).

In *Gipson,* the defendant was charged with selling or receiving a stolen vehicle moving in interstate commerce in violation of 18 U.S.C. § 2313. In response to the jury's request for clarification on a certain point, the trial court told the jurors they need not agree on which of the six activities prohibited by 18 U.S.C. § 2313 (receiving, concealing, storing, selling, bartering or disposing) the defendant had committed. *United States* v. *Gipson,* supra, 455–56. The United States Court of Appeals for the Fifth Circuit reversed the conviction agreeing with the defendant that the challenged instructions violated his right to a unanimous verdict of his jury.

To resolve the defendant's claim, the Court of Appeals reviewed the goals behind the unanimity rule and determined that those goals could be satisfied only when all the jurors are in "substantial agreement as to just what a defendant did as a step preliminary to determining whether the defendant is guilty of the crime charged." Id., 457–58. The court then determined that 18 U.S.C. § 2313 prohibited two distinct types of conduct: the act of keeping the vehicle which encompasses the acts of receiving, concealing and storing; and the act of marketing the vehicle which encompasses the acts of selling, bartering and disposing. Because the two groups of acts were conceptually distinct, the court concluded that "a jury finding of the actus reus element of the offense would not be 'unanimous' if some of the jurors thought the defendant committed only an act in the first conceptual grouping while others

believed he committed an act only in the second." Id., 458. The court noted that the prosecution had presented evidence showing that the defendant had committed each of the six acts. It concluded that the judge's charge to the jury had therefore created a possibility that the jurors had disagreed as to which illegal act the defendant had committed. Reversal of the conviction was required, the court held, because it was impossible to determine that all the jurors had agreed as to the actus reus, and, accordingly, the instruction could not be shown to be harmless beyond a reasonable doubt as required under *Chapman* v. *California,* 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705, reh. denied, 386 U.S. 987, 87 S. Ct. 1283, 18 L. Ed. 2d 241 (1967). *United States* v. *Gipson,* supra 459.

This court, and our Supreme Court, both have faced claims premised, as is the claim the defendant now presses, on the *Gipson* holding. *State* v. *Jones,* 193 Conn. 70, 475 A.2d 1087 (1984); *State* v. *West,* supra. In *State* v. *Jones,* supra, the defendant, relying in part on *Gipson,* claimed that the indictment which charged him with felony murder was fatally defective because it charged him disjunctively with the predicate crimes of robbery and attempted robbery and thereby allowed the jury to convict him absent unanimity as to which of the two predicate crimes the state had proven. The Supreme Court rejected the defendant's claim not because of any disagreement with the *Gipson* holding, but rather on the basis of the unusual relationship between the two crimes charged. The Supreme Court held that because attempt merges into the substantive crime, the verdict must have been unanimous; those jurors, if any, who convicted on the basis of a finding that the defendant committed the completed crime necessarily found that the defendant first committed attempt. They thereby agreed with those jurors who found attempt only. *State* v. *Jones,* supra, 76–77.

In *State* v. *West,* supra, the defendant was charged with committing sexual assault in the first degree in violation of General Statutes § 53a-70. The information charged that the defendant committed the crime "by the use of force or the threat of use of force." One of the defendant's claims, based in part on *Gipson,* was that the court erred by failing to charge the jurors that they had to agree on which conduct he committed: use of force or threat to use force. This court distinguished *Gipson,* reasoning that the conduct prohibited under both of the subcomponent of the phrase "use of force or the threat of the use of force" was conceptually very similar to that prohibited by the other. Accordingly, there was no reason to assume that all the jurors had not reached substantial agreement as to what conduct the defendant had committed.

While neither the *Jones* nor the *West* courts explicitly adopted the rationale of *Gipson,* both courts decided the cases on the assumption that the *Gipson* holding was correct. We too find that case persuasive. If the actions necessary to constitute a violation of one statute or subsection of a statute are distinct from those necessary to constitute a violation of another, then jurors who disagree on which one the state proves cannot be deemed to agree on the actus reus: the conduct the defendant committed. Where the evidence presented supports both alternatives, the possibility that the jurors may actually disagree on which alternative, if either, the defendant violated is the highest. Under such circumstances, the jurors should be told that they must unanimously agree on the same alternative. We do not now hold that the kind of charge countenanced in *Gipson* must always be given. Rather, such a charge is required only where a trial court charges a jury that the commission of any one of several alternative actions would subject a defendant to criminal liability, and those actions are conceptually distinct from each other,

and the state has presented some evidence supporting each alternative. The determination of whether actions are conceptually distinct must be made with reference to the purpose behind the proposed charge: to ensure that the jurors are in unanimous agreement as to what conduct the defendant committed.

Here, the two kinds of conduct which expose an individual to punishment for burglary in the first degree are conceptually different from one another. The conduct prohibited by General Statutes § 53a-101 (a) (1) is committing burglary while "armed with explosives or a deadly weapon or dangerous instrument." This subdivision of subsection (a) requires that the actor have with him some sort of object, tool, implement or weapon. There is, however, no requirement that the defendant actually use it to inflict injury. *State* v. *Jones,* 173 Conn. 91, 95, 376 A.2d 1077 (1977). In contrast, General Statutes § 53a-101 (a) (2) prohibits the intentional, reckless or knowing infliction of bodily injury during the course of committing a burglary. The actor need not have any tool or implement. He must inflict bodily injury, although a specific intent to do so is not required. Finally, the infliction of any bodily injury, serious or not, will suffice under this subdivision. Given these differences between the two subdivisions, if some jurors found the defendant guilty of violating subdivision (1), and some found him guilty under subdivision (2), they did not necessarily agree on essentially what conduct the defendant committed.

The element which increases the possibility of juror disagreement is also present in this case: the prosecution presented some evidence tending to show a violation of both subdivisions of General Statutes § 53a-101 (a). Evidence supporting a verdict under subdivision (1) included testimony from Crisco that while struggling with the intruder, he noticed that he held a shiny object. Neither he nor his wife could, however,

identify the object. Crisco further testified that while wrestling with the intruder, he received two small cuts which were not serious. From this testimony, and from Crisco's testimony that the screen door had been cut, the jury reasonably could have inferred that the defendant carried a dangerous instrument in violation of subdivision (1).[4] This testimony also supplied direct evidence that the defendant inflicted bodily injury on Crisco in violation of subdivision (2). Because the conduct prohibited by subdivision (1) is distinct from that prohibited by subdivision (2), and because the evidence raised the possibility that the jurors would disagree, the trial court erred by not instructing them that they had to agree unanimously on which, if either, of the subdivisions the defendant violated.

"This does not end our inquiry. We must still determine whether the error was reversible. 'An error of constitutional dimension in the instructions in a criminal case is reversible error when it is reasonably possible that the jury were misled by the instructions.' *State* v. *Kurvin,* [186 Conn. 555, 572, 442 A.2d 1327 (1982)] (*Speziale, C. J.,* dissenting); see also the majority opinion in *State* v. *Kurvin,* supra, 558–66." *State* v. *Torrence,* supra, 703–704. Here, there is no reasonable

---

[4] The statutory definition of dangerous instrument reads in part as follows: "any instrument, article, or substance which, under the circumstances in which it is used or attempted or threatened to be used, is capable of causing death or serious physical injury . . . ." General Statutes § 53a-3 (7). Serious physical injury is defined in part as follows: "physical injury which creates a substantial risk of death . . . ." General Statutes § 53a-3 (4). In determining whether an object is a dangerous instrument within the meaning of General Statutes § 53a-3 (7), the dispositive issue is not the nature of any injury inflicted, but rather, whether the object, under the circumstances in which it was used, was *capable* of causing serious physical injury. *State* v. *Scully,* 195 Conn. 668, 678, 490 A.2d 984 (1985); *State* v. *Jones,* 173 Conn. 91, 96–97, 376 A.2d 1077 (1977). Here, there was direct evidence that the unknown object was capable of cutting an individual and circumstantial evidence that it was used to cut a screen door. The jury could reasonably infer that such an object, when used offensively during a struggle, is capable of inflicting serious physical injury.

possibility that the defendant's jurors were incorrectly led to believe that they could return a guilty verdict without all reaching unanimous agreement on the conduct the defendant had committed. The defendant is correct in claiming that the trial court used the disjunctive in charging the jurors on the aggravating factors under General Statutes § 53a-101 (a). The court, however, also read the information to the jurors which charged in the conjunctive. Additionally, the jurors had the information available to them during their deliberations. Finally, the court twice told the jurors in general terms that their verdict had to be unanimous. While this case presents a close call, we hold that because of these facts, there is no reasonable possibility that the jurors were misled by the charge.

The defendant's second claim is that the trial court, by commenting on the evidence when charging the jurors, relieved the state of its burden of proving an element of the crime beyond a reasonable doubt. The state urges this court not to consider this claim of error because the defendant did not except to the charge as given by the trial court. The defendant argues that this ground of error implicates his due process right to be convicted only upon proof beyond a reasonable doubt of each essential element of the crime with which he was charged; *In re Winship,* 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); and, therefore, this court should conduct a review pursuant to the fundamental rights-fair trial exception of *State* v. *Evans,* supra.

Where the record was adequate, our Supreme Court has reviewed, under *Evans*, claims that a trial court's charge to a jury relieved the state of its burden of proving every element of a crime beyond a reasonable doubt. *State* v. *Miller,* 186 Conn. 654, 663, 443 A.2d 906 (1982); see also *State* v. *Fernandez,* 198 Conn. 1, 18, 501 A.2d 1195 (1986) (reviewing under *Evans* claim that court's instruction relieved the state of the burden of

proving intent). Here, the record adequately supports the defendant's constitutional claim, and, accordingly, we will review it.

In the challenged portion of the charge, the trial court commented that "there is no question that [the Criscos] know the accused . . . . " The defendant claims that by so stating, the court in effect told the jurors that the state had proven that the intruder was Benite.

"The trial court may, at its discretion, call the attention of the jury to the evidence, or lack of evidence, bearing upon any point in issue and may comment upon the weight of the evidence so long as it does not direct or advise the jury how to decide the matter." *State* v. *Mullings,* 166 Conn. 268, 274, 348 A.2d 645 (1974). The defendant's argument that this limitation on the trial court's right to comment on the evidence was violated in this case is based on an incomplete reading of the charge. When the challenged portion of the charge is examined in context, it is clear that the defendant's claim is without merit. The pertinent portion of the charge was given as follows: "Anyway, there is no question that they know the accused, and *they say* on the stand here positively that that is the man that was in their kitchen sometime shortly after three o'clock in the morning and the man that Mr. Crisco struggled with and who was cut by that person. *They say positively* it was him." (Emphasis added.) The court did not, as the defendant claims, tell the jurors that the Criscos correctly identified the intruder as their neighbor. Rather, it merely stated the obvious: that the Criscos knew their neighbor. The court very carefully attributed the identification to the Criscos, and in no way indicated agreement with their identification. Additionally, the court had previously told the jurors that "you are the sole judges of the facts, the sole judges of whether or not they are sufficient to demonstrate the guilt of the accused, or whether they do dem-

onstrate his innocence." Right after giving the challenged charge, the court again emphasized the distinctions between the judge's role and that of the jury. He stated that "I have just outlined my recollection of the facts. Of course, as I say, yours controls. If anything I said doesn't agree with yours you take your version, not mine."

There are additional reasons to conclude that the court did not relieve the state of the burden of proving the identity element. Immediately after giving the challenged portion of the charge, the court charged the jurors on the state's burden to prove identity. It stated as follows: "Now I have mentioned that the burden of proof is at all times on the State to prove beyond a reasonable doubt all the essential elements of the crime. *One of those elements is, of course, the identification of the acccused as the person who committed the crime,* so that even though you find that a crime was committed *you must be satisfied beyond a reasonable doubt that this accused committed that crime* before you find him guilty of committing the crime." (Emphasis added.) Through this language, which came after the portion of the charge the defendant challenges, the court clearly and unequivocally told the jury that the state was required to prove that the defendant was the individual who committed the crime.

The trial court charged the jurors that it was their duty to find the facts, that their recollection of the facts controlled, and that the state had the burden of proving every element of the crime beyond a reasonable doubt. It did not direct or advise the jury how to decide the case.

There is no error.

In this opinion the other judges concurred.