STATE OF CONNECTICUT *v.* FRANK X. LO SACCO
(4680)

HULL, DALY and STOUGHTON, Js.

Argued February 9—decision released May 19, 1987

*Frank X. Lo Sacco,* pro se, the appellant (defendant).

*Michael R. Dannehy,* assistant state's attorney, with whom, on the brief, were *John T. Redway,* state's attorney, *Edward J. Leavitt,* assistant state's attorney, and *John Nazzaro,* special assistant state's attorney, for the appellee (state).

STOUGHTON, J. This is an appeal by the defendant from a judgment of conviction after a trial to a jury. The defendant was charged in a two count information. The first count charged the defendant with committing criminal trespass in the first degree in violation of General Statutes § 53a-107 (a) (1). The second count charged the defendant with disorderly conduct in violation of General Statutes § 53a-182 (a) (2), (3) and (4).[1] The jury found the defendant not guilty on the first count and guilty on the second count.

---

[1] General Statutes § 53a-182 provides: "DISORDERLY CONDUCT: CLASS C MISDEMEANOR. (a) A person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in fighting or in violent, tumultuous or threatening behavior; or (2) by offensive or disorderly conduct, annoys or

The defendant has appeared pro se throughout these proceedings. He raises six issues in his appeal, claiming that the trial court erred (1) by denying a motion for separate trials for two offenses of different character, (2) by failing to instruct the jury as to all of the essential elements of the disorderly conduct statute, (3) by failing to instruct the jury that, in order to find him guilty of disorderly conduct, their verdict must be unanimous as to at least one of the three statutory alternatives in the information, inasmuch as he had requested a jury poll, (4) by submitting to the jury a charge on the offense of disorderly conduct because the evidence was insufficient to establish guilt beyond a reasonable doubt, (5) by submitting to the jury a charge on subsection (2) of the disorderly conduct statute because his speech was constitutionally protected, and (6) by its charge on intent because it relieved the state of its burden of proving this statutory element. We find no error.

The jury could reasonably have found the following facts: On June 11, 1985, Debra Young was teaching an adult education class in a classroom in Middletown which was in a building partially leased by the board of education. Young and the defendant are the parents of a six year old boy but were living apart. At about 10 a.m., the defendant appeared in the doorway of the classroom and yelled at Young, inquiring as to the whereabouts of their young son. The yelling by the defendant disrupted the class and required that Young stop giving individual instruction on a computer to a student. The disturbance continued for a few minutes until Young, another teacher, a student and the defend-

interferes with another person; or (3) makes unreasonable noise; or (4) without lawful authority, disturbs any lawful assembly or meeting of persons; or (5) obstructs vehicular or pedestrian traffic; or (6) congregates with other persons in a public place and refuses to comply with a reasonable official request or order to disperse.

"(b) Disorderly conduct is a class C misdemeanor."

ant went downstairs and out of the building. Young and another teacher asked the defendant to leave. Verbal exchanges continued between the defendant and the two teachers until they went downstairs and left the building.

The first claim by the defendant is that the trial court erred in denying his motion for separate trials.

The defendant was charged in one information containing two counts, each charging a separate offense. A motion by the defendant for separate trials was denied by the court. Both charges arose out of the events which occurred on June 11, 1985, at the classroom in the building leased by the Middletown board of education. The witnesses who testified as to the disorderly conduct charge would also have testified in a separate trial on the criminal trespass charge. The question of severance is within the sound discretion of the trial court, and that discretion must not be disturbed unless it has been manifestly abused. *State* v. *Schroff,* 198 Conn. 405, 408, 503 A.2d 167 (1986). The discretion to order separate trials should be exercised only when a joint trial will be substantially prejudicial to the rights of the defendant. Id. The evidence presented in the case was easily separable, and the jury was instructed to consider the cases separately. It is perfectly clear that the jury was able to follow the instruction because it found the defendant not guilty as to one count. See *State* v. *Frazier,* 7 Conn. App. 27, 38, 507 A.2d 509 (1986).

There was no error in denying the motion for separate trials.

In his second claim of error, the defendant claims that the trial court erred in failing to instruct the jury on all the essential elements of the crime of disorderly conduct. One of the defendant's exceptions to the charge was that, in defining and explaining disorderly conduct

to the jury, the court essentially followed Wright's Connecticut Jury Instructions but made some departures therefrom. The exception was taken as follows: "Now, on 3 and 4, Your Honor left out about eight lines in both cases defining a person acts intentionally with respect to result or to conduct and defining reckless . . . ."

In explaining disorderly conduct, the court read General Statutes § 53a-182 (a) (2) and instructed the jury that the state must prove beyond a reasonable doubt that the defendant intended to cause inconvenience, annoyance or alarm, or, in lieu of proving intention, that he recklessly created a risk thereof. The court then charged as follows: "Now, a person acts intentionally with respect to conduct when his objective is to engage in such conduct. A person acts recklessly with respect to a result when he's aware of and consciously disregards a substantial and justifiable risk that such result will occur. And the risk must be of such nature or degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." It is apparent that in the transcription of the charge, the word "justifiable" appears in place of "unjustifiable" through error. No claim is made by either party that the court actually said "justifiable" rather than "unjustifiable."

The defendant complains that the definitions of "intentionally" and "recklessly" did not accurately follow the statutory definitions. General Statutes § 53a-3 (11) provides: "A person acts 'intentionally' with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct." General Statutes § 53a-3 (13) provides: "A person acts 'recklessly' with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards

a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." The language of the charge closely tracks the language of § 53a-3 (11) defining "intentionally" and § 53a-3 (13) defining "recklessly." The court read and explained § 53a-182 (a) (3) and § 53a-182 (a) (4) to the jury, but it did not again define "intentionally" and "recklessly."

The charge was clear and concise and adapted to the issues. The court was not required to repeat the statutory definitions which it had given moments before to the jury. The jury could not have been mistaken about the meaning of "intentionally" and "recklessly" as those words are used in the statute. The charge properly and adequately covered the subject matter of the exception. *State* v. *Harrell,* 199 Conn. 255, 269, 506 A.2d 1041 (1986). In addition, the statutory definitions were read completely in response to a question from the jury.

The defendant has made additional attacks on the charge in the section of his brief dealing with this claim of error. Although these attacks were not covered specifically by the defendant's exceptions to the charge, we note that he was interrupted by the trial court as he took his exception to the court's instructions on disorderly conduct and was not able to complete what he had started to say. These claims also raise asserted departures from the language of Wright's Connecticut Jury Instructions and may fairly be considered to be within the intended exception.

The defendant complains that the trial judge watered down the requirement of proof of intent in explaining disorderly conduct to the jury. Although the trial judge

read General Statutes § 53a-182 (a) (2), (3) and (4) verbatim to the jury twice during its charge, it also explained each subsection to the jury. In doing so, a part of the charge was as follows: "It must be proven by the state beyond a reasonable doubt that if the defendant intended to cause inconvenience, annoyance or alarm, or in lieu of proving intention, that he recklessly created a risk thereof by engaging in the forbidden conduct." The court then went on to define "intentionally" and "recklessly." The defendant argues that the use of the word "if" and the phrase "in lieu of" in the passage quoted had the effect of relieving the jury of the necessity to consider proof of intent. He also claims that because "recklessness" requires a finding that the defendant was aware of and consciously disregarded a substantial and unjustifiable risk, it is simply another way of saying "intentional." We reject these claims by the defendant and find no error.

In his third claim of error, the defendant attacks the court's charge on the second count.

The second count of the information charged the defendant with disorderly conduct, "in violation of General Statutes [§] 53a-182 (a) (2) (3) (4)." The various subsections were not separated in any way, either by punctuation or use of the conjunctive "and" or the disjunctive "or." The statute, however, is written in the disjunctive and spells out six ways in which the crime of disorderly conduct may be committed. The information may not charge in the disjunctive because it would then be uncertain which of the accusations was intended. *State* v. *Eason,* 192 Conn. 37, 40, 470 A.2d 688 (1984).

After its charge on criminal trespass, the court said: "Now, in addition to criminal trespass in the first degree the accused is charged of course with disorderly conduct. As I indicated to you earlier there are three

ways that the state says he could have committed this crime. Any one of the three will suffice." It defined disorderly conduct in each of the three ways charged in the information. In so doing, the court charged: "First, we'll take up the one that has to do with interference." Reading General Statutes § 53a-182 (a) (2), it instructed the jury that one is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he, by offensive or disorderly conduct, annoys or interferes with another person. The court subsequently charged: "Now, another way that one could be in violation of the statute on disorderly conduct is by making unreasonable noise." It then read § 53a-182 (a) (3) and explained it to the jury. After this, the court charged: "Now, the third way that the state alleges this gentleman engaged in disorderly conduct was by interfering with a meeting of other persons." It then read § 53a-182 (a) (4) and explained it to the jury. After it had completed its charge on disorderly conduct, the court said: "Now, ladies and gentlemen, in conclusion, may I remind you that whatever your verdict, it must be arrived at unanimously and in consideration of these crimes you will consider each individually without regard to the other." The court said later: "When you've arrived at a verdict which, remember, must be unanimous, you will inform the sheriff."

Before any evidence was taken, the court addressed the jury and explained the elements of the offenses, the functions of the court and the jury, the presumption of innocence and the burden of proof. During this address, the court said: "[Y]ou must treat each count—each crime—separately as you analyze it."

After the jury had retired to deliberate, they sent out a question. The court said: "Alright. The question is the jury would like a copy of the statute for criminal trespass 1st and disorderly conduct and any applica-

ble definitions, specifically a clarification of reckless disregard . . . ." The court sent for the jury and explained that it could not provide copies of the relevant sections of the General Statutes. It read to the jury the relevant sections of the General Statutes. Before reading § 53a-182 (a) (2), (3) and (4), the court said: "Disorderly conduct—disorderly conduct has about five different ways of—6, I guess, different ways that it can be violated. The defendant is charged with three—any one of the three would suffice for finding him guilty." The court read § 53a-182 (a) with the relevant subsections twice more. It then went on to define "recklessly," "intentionally" and "knowingly" to the jury, reading exactly from General Statutes § 53a-3 (11), (12) and (13).

The defendant did not request a charge on unanimity, nor did he except to the failure of the court to instruct the jury that their verdict must be unanimous as to at least one of the alternative ways in which they might find the defendant to have committed the crime of disorderly conduct. Ordinarily, this failure on the part of the defendant would preclude consideration of his unanimity claim of error. Practice Book §§ 854, 4185 (formerly § 3063). We have previously determined that the kind of claim made here falls into the category of cases which may be given limited review under the rationale of *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), to determine whether the defendant was deprived of a fundamental right and a fair trial, and whether a reversal of the judgment is required. See *State* v. *Benite,* 6 Conn. App. 667, 671, 507 A.2d 478 (1986).

The defendant contends that because the court failed to instruct the jury to deliberate on each statutory alternative separately and to arrive at a unanimous guilty verdict as to at least one of them, or otherwise to return

a not guilty verdict, he was deprived of the fundamental constitutional right to a fair trial.

The sixth amendment to the United States constitution guaranties a defendant in a criminal case the right to a unanimous verdict if his jury consists of only six members. *Burch* v. *Louisiana,* 441 U.S. 130, 99 S. Ct. 1623, 60 L. Ed. 2d 96 (1979); *State* v. *Benite,* supra. The verdict can only be unanimous when all the jurors are in substantial agreement as to just what the defendant did as a step preliminary to determining whether the defendant is guilty of the crime charged. *United States* v. *Gipson,* 553 F.2d 453, 457–58 (5th Cir. 1977). If the actions necessary to constitute a violation of one subsection of a statute are distinct from those necessary to constitute a violation of another, then jurors who disagree on which violation the state proves cannot be deemed to agree on the conduct the defendant committed. *State* v. *Benite,* supra, 674.

The defendant was charged with committing disorderly conduct in three conceptually distinct ways. He was charged under subsection (2) of § 53a-182 (a) with annoying or interfering with another person by offensive or disorderly conduct. He was charged under subsection (3) of § 53a-182 (a) with making unreasonable noise. He was charged with subsection (4) of § 53a-182 (a) with disturbing a lawful assembly or meeting of persons without lawful authority. Although there was evidence from which the jury might have found that the defendant was guilty of disorderly conduct under any or all three of the alternatives, we conclude that the trial judge adequately explained to the jury that its unanimous verdict of guilty of disorderly conduct must rest upon any one, but only one, of the three alternatives charged in the information.

After the jury verdict was reported, the defendant requested a poll of the jury on the second count. There-

upon, the court ordered that the jury be polled on the second count. Each of the jurors responded to that clerk that he or she found the defendant guilty on the second count. The defendant did not make any additional requests, and gains nothing now from his assertion that the trial court ought to have gone further and inquired of each juror as to whether they had agreed on any of the three alternatives charged in the information.

The jury was adequately instructed that a guilty verdict must rest on any one of the alternatives charged. We find no error.

The defendant's fourth claim of error is that the court erred in submitting to the jury the charge of disorderly conduct because the evidence was insufficient to establish guilt beyond a reasonable doubt.

The defendant moved for judgment of acquittal at the close of the state's case on the grounds of insufficiency of the evidence. In determining whether the evidence is sufficient to sustain a verdict, the issue is whether the jury could reasonably have concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt. *State* v. *Williams,* 202 Conn. 349, 354, 521 A.2d 150 (1987). The jury could reasonably have found that the facts set out heretofore were sufficient to justify the verdict.

The argument by the defendant that he could not have been found guilty of being on the premises without lawful authority because he had been found not guilty of criminal trespass is without merit. The elements necessary to prove criminal trespass in the first degree are different from those necessary to prove disorderly conduct by disturbing a lawful assembly or meeting of persons without lawful authority. The jury was properly instructed that the state was required to

prove beyond a reasonable doubt that the defendant intended to cause inconvenience, annoyance or alarm, or recklessly created a risk thereof, that his conduct was such as to disturb or disrupt a lawful assembly or meeting of persons, and that the defendant had no lawful authority to engage in such conduct. The defendant relies upon *State* v. *Grant,* 6 Conn. App. 24, 27, 502 A.2d 945 (1986), for a claim that the trial court should have defined "lawful." That case involved a charge on burglary to which a statutory definition of "enters or remains unlawfully" is specifically applicable. That is not so in this case.

The remaining arguments on this claim of error amount to claims that we should retry the facts, which we will not do.

The fifth claim of error was that the court erred in submitting to the jury the charge of disorderly conduct in violation of § 53a-182 (a) (2) because the defendant's speech was constitutionally protected.

The defendant argues that because other subsections of § 53a-182 (a) deal with disturbing meetings, unreasonable noise and fighting, subsection (2) must logically mean speech when it prohibits annoying or interfering with another person. From this, he argues that because his language was appropriate and inoffensive, it is constitutionally protected. There appears to be no claim on the part of the state that the words uttered by the defendant were offensive in themselves. It was not the words uttered but the manner in which they were uttered which the jury might have found, in concert with the activity of the defendant, to have been offensive and disorderly and to have annoyed or interfered with another person. It was not error to submit § 53a-182 (a) (2) to the jury.

The final claim of error is that the trial court erred in its charge on intent because it relieved the state of the burden of proving this statutory element.

The court gave the jury an unexceptionable charge on proof of intent by inference. The defendant did not except to the charge on intent. There was an exception as discussed previously to the failure to define "intentionally" as the court explained each of the subsections of § 53a-182 (a) recited in the information. Nevertheless, the claim that the charge relieved the state of its burden of proving intent is reviewable under the "exceptional circumstances" rule of *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). *State* v. *Fernandez,* 198 Conn. 1, 18, 501 A.2d 1195 (1985).

The court charged the jury in part: "The only way in which a jury can determine what a man's purpose, intention or knowledge was at any given time, aside from the man's own testimony, is by determining what the man's conduct was and what the circumstances were surrounding that conduct and from those infer what his purpose, his intention or his knowledge was.

"To draw such an inference is not only the privilege but the duty of a jury, provided, of course, the inference drawn is a reasonable inference. In this case, therefore, it will be a part of your duty to draw all reasonable inferences from the conduct of the defendant in the light of the surrounding circumstances as to what purpose, intention or knowledge was in his mind as it relates to the commission of the crimes charged.

"Now, in his summation the defendant raised the issue of motive and so I'll now charge you as to motive, both for explanation purposes as to its—the proper consideration—and a further example of the use of circumstantial evidence.

"The law does not require that the state, in order to get a conviction in a criminal case, prove motive."

The defendant argues that the quoted portion of the charge related "intent" with "purpose," and hence with

"motive." When it thereafter charged that the state did not have to prove motive, the defendant asserts that the court relieved the state of the burden of proving intent. This argument, while it has a certain ingenuity, might better be described perhaps as ingenuous. The trial court did not, by this charge, relieve the state of the burden of proving intent.

There is no error.

In this opinion the other judges concurred.