### STATE OF CONNECTICUT *v.* KEVIN THOMAS
### (7055)

O'CONNELL, FOTI and JACOBSON, Js.

Argued May 16—decision released July 4, 1989

*Bruce A. Sturman,* public defender, for the appellant (defendant).

*Geoffrey E. Marion,* deputy assistant state's attorney, with whom, on the brief, were *C. Robert Satti, Sr.,* state's attorney, and *Michael Regan,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction[1] of one count of injury or risk of injury to a child in violation of General Statutes § 53-21.[2] The defendant claims that the trial court erred in failing to instruct the jury that all of the jurors had to agree on whether the defendant's act was likely to impair the victim's health or impair the victim's morals. We find no error.

The jury could reasonably have found that the defendant put his hand under the minor victim's underwear and fondled her vaginal area.

The defendant argues that *United States* v. *Gipson,* 553 F.2d 453, 457 (5th Cir. 1977), and *State* v. *Benite,* 6 Conn. App. 667, 507 A.2d 478 (1986), require the trial court to instruct the jury that all its members must agree on whether it was the victim's health or her morals that were likely to be impaired by the defendant's criminal conduct. He claims that the lack of such instruction allowed some jurors to find that the victim's health was likely to have been impaired while others could find that it was the victim's morals that were

---

[1] The defendant also was convicted of one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A). He does not appeal his conviction on this count.

At the close of the state's case, the court rendered a judgment of acquittal on a count of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1).

[2] The pertinent part of General Statutes § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that . . . its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

likely to be impaired, thus violating his right to a unanimous jury verdict. We disagree.

The defendant misapplies the unanimity principle of *Gipson* and *Benite,* particularly in view of subsequent decisions limiting the unanimity requirement to cases in which the information alleges multiple acts of conduct that are conceptually distinct. *State* v. *Anderson,* 211 Conn. 18, 34–35, 557 A.2d 917 (1989); *State* v. *Bailey,* 209 Conn. 322, 333–39, 551 A.2d 1206 (1989); *State* v. *Velez,* 17 Conn. App. 186, 196–200, 551 A.2d 421 (1988); *State* v. *Flynn,* 14 Conn. App. 10, 38, 539 A.2d 1005, cert. denied, 488 U.S. 891, 109 S. Ct. 226, 102 L. Ed. 2d 217 (1988). The rule requiring a specific unanimity charge "only applies when the particular count under consideration by the jury is based on multiple factual allegations which amount to multiple statutory subsections or multiple statutory elements of the offense involved. It does not apply, and such an instruction is not required of the court, where the multiple factual allegations do not amount to multiple statutory subsections or to multiple statutory elements of the offense." *State* v. *Mancinone,* 15 Conn. App. 251, 274, 545 A.2d 1131, cert. denied, 209 Conn. 818, 551 A.2d 757 (1988), cert. denied, 489 U.S. 1017, 109 S. Ct. 1132, 103 L. Ed. 2d 194 (1989).

The risk of injury statute proscribes two general types of behavior—the *creation of a situation* that is likely to impair the child's health or morals and the *commission of acts likely to impair* the child's health or morals. *State* v. *Velez,* supra, 198. The focus is not on whether the child's health or morals were affected but on how they were affected, whether it be through the creation of a dangerous situation or the commission of harmful acts. What is required is unanimity as to how the harm was accomplished and not as to the type of harm that resulted.

There can be no confusion here as to the type of conduct committed by the defendant. He was not charged with multiple acts that could have violated either statutory prohibition. The risk of injury charge resulted from a single incident in which the defendant fondled the victim's vaginal area. This case involved only the commission of an act, not the creation of a situation, and therefore a charge regarding unanimity was not required. See *State* v. *Anderson,* supra; *State* v. *Flynn,* supra.

The defendant's argument confuses unanimity as to the act with unanimity as to the result or consequence of that act. As we explained previously, the "health or morals" element of the statute refers to the result of the defendant's conduct, not the act itself. *Benite* requires a unanimity instruction when two or more *acts* of a defendant are conceptually distinct. In an effort to bring this case within the *Benite* rule, the defendant argues that impairment of health and impairment of morals are conceptually distinct. Even if we assume, arguendo, that the conceptually distinct doctrine is relevant to the result of the defendant's conduct, we do not agree that the impact on health and the impact on morals are conceptually distinct under the facts of this case. It is virtually impossible to determine whether the defendant's conduct was likely to impair the child's health or her morals, and, considering the tender years of the victim and the nature of the defendant's act it was likely that *both* her health and morals were adversely affected by the defendant's unlawful conduct. See *State* v. *Velez,* supra, 199.

There is no error.

In this opinion the other judges concurred.